IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KENDRA ROSE LEVO DION,<br>Plaintiff,<br><br>v.<br><br>TOWN OF BRISTOL, CHIEF<br>KEVIN LYNCH, PTLW ASHLEIGH<br>FLESER, BRISTOL POLICE DEPT.,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:26-cv-00010-MSM-AEM |

## ORDER

Mary S. McElroy, United States District Judge.

The plaintiff, Kendra Rose Levo Dion, has turned to this Court to recover damages from what she believes was the abject unresponsiveness of the Bristol Police Department to respond to her need for protection in the face of abuse from her domestic partner. In addition to failing to protect her and failing to take her seriously or act on her repeated complaints of abuse, a member of the Department allegedly increased the danger to Ms. Dion by informing the alleged abuser of her intent to obtain a restraining order against him. That, in Ms. Dion's view, caused her partner to preemptively obtain a restraining order and to eject her from her home. There then ensued a cascading series of emotional injuries, creating trauma that triggered what seems to have been preexisting mental health difficulties. In a previous Order, the Court concluded that the Complaint failed to state a plausible federal claim for relief and awarded Ms. Dion the opportunity to file an Amended Complaint, which she did. (ECF No. 4.)

1

The Amended Complaint tells a story of alleged domestic abuse which caused Ms. Dion to file a report with the Bristol Police. She was looking for help to file a restraining order against her partner, Felix, with whom she lived. Rather than assisting her in obtaining such an Order, the Bristol officer, Defendant Fleser, apparently spoke to the partner and, while doing so, informed him of Ms. Dion's intention, in breach of what Ms. Dion claims was a duty of confidentiality. That allegedly caused her partner to preemptively obtain a Court Order ejecting her from the home. Being removed from her home caused a series of adverse emotional reactions and injury.

The Amended Complaint asserts a number of claims against the Bristol Police, the Town, the Police Chief, and the officer who dealt with Ms. Dion. There are really two occurrences (police failure to act and police breach of confidentiality) that, according to the Amended Complaint, support four claims: a Fourteenth Amendment Due Process claim for creating a dangerous situation for her and failing to secure her safety; a First Amendment claim for retaliation, hypothesizing that her attempt to seek emergency protection from the police caused them to deliberately ignore her reports; an equal protection claim based on her theory that the non-responsiveness of the Bristol Police was motivated by gender discrimination – a general dismissal of her as "emotional"; and a claim against the Town for alleged policies, practices and customs causing the police to be indifferent to her safety.

The Court has examined R.I.G.L. § 12-29-3, a statute governing the obligations of police responding to a domestic abuse complaint, to determine the existence of a

2

duty or expectation sufficiently created by state law to constitute a federal due process property interest.    There is, however, nothing in even the Amended Complaint to suggest that the responding officer had probable cause to believe that a felonious assault had been committed which, per § 12-29-3(i), is the triggering situation creating a duty to arrest.  Absent probable cause to believe that a physical assault or violation of an existing court order occurred, there appears to be nothing in the law creating a duty of action.  The police are compelled to assist a victim of domestic violence in leaving the abode, but Ms. Dion does not suggest she had difficulty doing that or that any difficulty was caused by the failure of Defendant Fleser to render assistance.[1]  Absent a violation of an expectation grounded in state law, there is no federal due process claim here.  *Town of Castlerock, Colorado v. Gonzalez,* 545 U.S. 748, 764 (2005) (where state law did not clearly mandate enforcement of a restraining order, there was no federally protected due process right violated by the failure of police to enforce it).

To the extent that Ms. Dion is positing a general due process duty on the part of the police to actively protect her and act in furtherance of her safety, there is no duty to prosecute imposed by federal law that an individual citizen can enforce. *Linda R.S. v. Richard D.,* 410 U.S. 614, 617 (1973); *Johnson v. Craft,* 673 F. Supp. 191, 193

---

[1] R.I Gen. Laws §12-29-3(e)(4) provides that "[i]n cases where the officer has determined that no cause exists for an arrest, assistance shall also include: (i) Remaining at the scene as long as there is danger to the safety of the person or until the person is able to leave the dwelling.  The officer shall transport the person if no reasonable transportation is available.

(S.D. Miss. 1987) ("The decision to prosecute a particular crime is within authority of the state and there appears to be no federal constitutional right to have criminal wrongdoers brought to justice."). *Soto v. Flores,* 103 F.3d 1056 (1st Cir. 1997), is a tragic case that may illustrate this point. In 1991, Flor Maria Soto complained to the police about the abuse she suffered at the hands of her husband, Angel Rodriguez. He had threatened to kill her and their children. The police – knowing of the threats that Rodriguez had specifically made against Soto if she went to the police – nonetheless contacted Rodriguez and told him of Ms. Soto's allegations. They did not put Rodriguez in jail or take any other action against him. Four days later, Mr. Rodriguez killed his children. Ms. Soto sued the police under 42 U.S.C. § 1983. *Id.* at 1058. The *Soto* case was in a different legal position but along the way to its result, the First Circuit remarked that this scenario had not violated any due process right of Ms. Soto. *Id.* at 1062 ("She herself was not deprived of a constitutionally protected interest, and she may not bring a section 1983 due process claim on her own behalf."). *See also Dwares v. City of New York,* 985 F.2d 94, 99 (2d Cir. 1993).

Ms. Dion does not contend that the action of Officer Fleser increased the danger to her from Felix and so does not present a due process claim under the state-created danger theory of liability. But in *Irish v. Fowler,* 979 F.3d 65 (1st Cir. 2020), the First Circuit announced adoption of the state created danger doctrine and held that it constituted a "clearly settled right" that could defeat qualified immunity. To state a claim under that doctrine the plaintiff must allege that a state actor affirmatively acted to create or enhance a danger to the plaintiff; that the danger

4

created was specific to the plaintiff as distinct from the public; that the act caused the plaintiff harm; and "that the state actor's conduct, when viewed in total, shocks the conscience." The plaintiff must also show that the state actor knew of a substantial risk of serious harm and disregarded that risk. *Id.* at 74. The Court is therefore affording Ms. Dion another opportunity to amend her Amended Complaint to provide more factual support for this specific claim: what did Officer Fleser know about previous acts of actual violence committed by Felix? Had Ms. Dion been physically assaulted before Officer Fleser responded and what had she told the Officer about that? Were there any indicia other than timing indicating that Officer Fleser's disclosure was the cause of Felix' seeking a restraining order? Was there any subsequent physical abuse resulting from the disclosure? What are the specifics about the harm suffered by the plaintiff – the relationship between being evicted and subsequent emotional distress? Did Officer Fleser know of Ms. Dion's mental health issues?[2]

As to the second prong of Ms. Dion's Amended Complaint, there is no constitutional right to non-disclosure by police of an alleged victim's identity to the putative perpetrator and Ms. Dion has not pointed to a statutory right. In the absence

---

[2] In an attempt to come within *DeShaney v. Winnebago County Dept. of Soc. Serv.,* 489 U.S. 189 (1989), Ms. Dion includes in her Amended Complaint an allegation that she stood in a "special relationship" with the Bristol Police. The *DeShaney* doctrine imposes an affirmative duty to protect on the State if such a special relationship exists. But that relationship generally involves the deprivation of the person's right to take care of themselves, as in the case of "incarceration, institutionalization, or other similar restraint of personal liberty," which is not the situation here. *Kneipp v. Tedder,* 95 F.3d 1199, 1205 (3d Cir. 1996) (quoting *DeShaney* 489 U.S. at 197).

of a federal statutory right, there is no federal claim for breach of confidentiality.  Nor does R.I.G.L. § 12-29-3 create a state expectation that there will be no disclosure such that the federal due process clause might protect a confidentiality right.

In addition to these claims, Ms. Dion sues the Town and the Police Department, positing that they dismissed her as an "emotional" woman, rather than take her seriously, and that this constituted gender discrimination.  She assumes the police conduct – or lack of action on her behalf – reflects a policy, custom, or practice that would subject the Town to liability under *Monell v. New York Dept. of Soc. Serv.,* 436 U.S. 658, 694 (1978).  Such a claim has three elements: "that there is a custom or policy of providing less protection to victims of domestic violence than to victims of other crimes, that gender discrimination is a motivating factor, and that [the plaintiff] was injured by the practice." *Soto,* 103 F.3d at 1066.  Ms. Dion's perceptions may in fact be true, in whole or in part, but she has provided nothing, other than conclusory allegations from which the Court can even draw an inference of discriminatory motivating intent.

Finally, there are no factual allegations to support any claim of unlawful conduct by Police Chief Kevin Lynch.  There is an assumption, presumably, that he is generally "responsible" for what the Bristol Police do, but that is not enough upon which to base a federal lawsuit.  There must be a causal link adequately pled between the actions of the Chief and whatever constitutional violation has been committed by the subordinate. *Maldonado-Denis v. Castillo-Rodriguez,* 23 F.3d 576, 582 (1st Cir. 1994).

The claims against the Town of Bristol, its Police Department, and its Police Chief are DISMISSED.

The Plaintiff may file a Second Amended Complaint against Defendant Fleser on or before May 8, 2026, in support of the state-created danger claim. That is the only claim that survives this Order.

The IFP Application remains deferred while Plaintiff is allowed to file a Second Amended Complaint. If no Second Amended Complaint is filed by May 8, 2026, or if one is filed but it fails to state a federal claim, the case will be DISMISSED.

IT IS SO ORDERED

Mary S. McElroy
United States District Judge

April 15, 2026

7